■ HARRY SPODICK, as President and Secretary-Treasurer of the International Jewelry Workers' Union, AFL-CIO, Appellant, v. WILLIAM COHEN, as President of Local 210 of the International Brotherhood of Teamsters, et al., Respondents, et al., Defendants.— Order entered on August 21, 1959 granting summary judgment dismissing the complaint as against Local 210 unanimously reversed, on the law and on the facts, with $20 costs and disbursements to appellant, and motion denied, with $10 costs. This order grants summary judgment dismissing the complaint and directs that judgment be entered in favor of the defendant Local 210. ˙ The entry of judgment would terminate the action as against the Local. However, the order recognizes that an amended complaint had been served and it directs the entry of judgment " without prejudice to the sufficiency or insufficiency of the amended complaint ". The order contemplates the possibility of the amended complaint being sufficient which consequently would result in further proceedings. To permit this order to stand could result in an anomalous situation where two judgments could be entered in one action by the same parties. It must therefore be reversed. Concur — Botein, P. J., Rabin, Valente, Eager and Bastow, JJ.

■ HARRY SPODICK, as President and Secretary-Treasurer of the International Jewelry Workers' Union, AFL-CIO, Appellant, v. WILLIAM COHEN, as President of Local 210 of the International Brotherhood of Teamsters, et al., Respondents, et al., Defendants.— Order entered on September 14, 1959 dismissing the amended complaint as against the defendant Local No. 210 unanimously reversed on the law, with $20 costs and disbursements to the appellant and the motion denied, with $10 costs. As against Local No. 210 the amended complaint sets forth three causes of action. We find the first cause of action to be sufficient. It seeks to recover from Local No. 210 funds which it claims belong to the plaintiff. It is alleged that Local No. 8 collected those funds for and on behalf of the plaintiff and therefore became indebted to the plaintiff in the amounts collected. It fixes liability on Local No. 210 on the theory that it assumed that debt upon its affiliation with Local No. 8. Paragraphs Seventeenth and Eighteenth of the complaint sufficiently plead such assumption and agreement to pay. Anything additional that could be pleaded in support of that allegation would only be of an evidentiary nature and therefore is not required in the complaint. We likewise find the second

cause of action to be sufficient. In this cause of action the plaintiff alleges that Local No. 210 consolidated with Local No. 8 for the purpose of acquiring for itself the moneys in the possession of Local No. 8 belonging to the plaintiff and which were wrongfully converted by Local No. 8. It alleges the transfer of such moneys by Local No. 8 to Local No. 210. It fixes knowledge of such conversion in Local No. 210. There is sufficient alleged to support a conclusion that the specific moneys alleged to have been converted were transferred to Local No. 210. The appropriation by Local No. 210 to its own use of such moneys and the refusal to turn these over to the plaintiff on demand are sufficient to sustain this cause of action. In cause of action No. 3 directed against Local No. 210, it is alleged that Local No. 210 "has and is deliberately destroying and secreting" the books of Local No. 8 for the purpose of defeating the claim of the plaintiff. The relief asked in connection with this cause of action is that an injunction be issued to prevent these acts. If, in fact, Local No. 210 is destroying such records as is charged by the plaintiff, a sufficient cause of action is stated. We note that while the first and second causes are in law, the relief sought in connection therewith is equitable in nature. However, the relief sought does not affect their sufficiency. The trial court will no doubt fashion the proper relief depending upon the proof should the plaintiff be successful. Concur — Botein, P. J., Rabin, Valente, Eager and Bastow, JJ.